

# Lipsitz Green Scime Cambria LLP

Attorneys at Law        42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

James T. Scime
Michael Schiavone
Laraine Kelley
Richard P. Weisbeck, Jr.
Mark L. Stulmaker
Barry Nelson Covert
Robert L. Boreanaz
Thomas M. Mercure
John A. Collins
Michael P. Stuermer [2,3]
Jeffrey F. Reina
Cherie L. Peterson
Joseph J. Manna
William P. Moore
Thomas C. Burnham
Jonathan W. Brown [3]
Diane M. Perri Roberts
Matthew B. Morey
Sharon M. Heim
Paul J. Cieslik
Gregory P. Krull
Robert E. Ziske
Patrick J. Mackey [4]
Max Humann
Justin D. Ginter
Erin McCampbell Paris
Lynn M. Bochenek
Jaime Michelle Cain [5]
Richard A. Maltese, Jr.
Dale J. Bauman [2,6]
Karoline R. Foltas-Peppes
Melissa D. Wischerath [7]
Robert M. Corp [9]
Taylor D. Golba
Alexander E. Basinski
Christina M. Croglio
Amy C. Keller [8]
Andrew J. Pace
Michael M. Kane
Alexander R. DiDonato
Maxwell C. Radley
Brittany E. Morgan
John C. Doyle
Hillary E. Panek

OF COUNSEL
Paul J. Cambria, Jr. [1,3,5]
Herbert L. Greenman
Patrick C. O'Reilly
Joseph J. Gumkowski
George E. Riedel, Jr. [2]

SPECIAL COUNSEL
Richard D. Furlong
Scott M. Schwartz
Robert A. Scalione [2]

ALSO ADMITTED IN
1 District of Columbia
2 Florida
3 California
4 Illinois
5 Pennsylvania
6 New Jersey
7 Oregon
8 Massachusetts
9 Connecticut

June 3, 2022

Hon. Rudolph Contreras
United States District Judge
333 Constitution Avenue, N.W.
Washington, DC 20001

RE:   United States v. William Michael Sywak
      Case No: 21-cr-00494-01 (RC)

Dear Judge Contreras:

I am writing this short response to the government's Sentencing Memorandum dated May 27, 2022 which was filed by the government. We leave to the Court's discretion whether Mr. Sywak may be sentenced to a "split sentence" based upon his plea to a Petty Class B Misdemeanor.

We do not find fault with the government's portrayal of the events on January 6, 2021 at the United States Capitol. Without doubt, the entrance into the Capitol was, in all respects, inappropriate and criminal. However, as it pertains to William Michael Sywak, we believe that a sentence which does not include a component of actual incarceration is an appropriate sentence in this case.

The government has spent significant time reviewing Mr. Sywak's criminal history. As the Court is aware, Mr. Sywak's upbringing was less than healthy. At a young age he became addicted to drugs and alcohol which marred much of his life. More recently, Mr. Sywak has taken appropriate action to rid himself of the scourge of drugs and alcohol. Today, he is substance-abuse free for the first time in many years. He continues his counseling with a dedication to his continued abstinence.

We do not make light of the fact that Mr. Sywak, by his own admission, committed a crime by entering into the Capitol. But a review of his own actions in entering, remaining and leaving the Capitol distinguish his criminal conduct from virtually every other individual who has pled guilty and sentenced for their offenses.

Mr. Sywak did not go to Washington D.C. with his son with any intention of entering into the Capitol. That was never a consideration at all. Rather, they want to hear the former President speak. Upon arrival, the speech was over. Looking around, they realized that a crowd of people had moved toward the Capitol and, with some degree of curiosity, they walked toward that area. There is no doubt that Mr. Sywak should not have walked into the Capitol. He entered on his own volition and remained for a relatively short time. But what distinguishes him from virtually every other individual is the fact that he remained, for the most part, in one area. He did not demonstrate or chant, nor did he cause any damage to the Capitol itself. Rather, when he had a moment to reflect on whether he should stay inside the building, he took immediate steps to



**Lipsitz Green Scime Cambria** LLP

Page 2

leave. He went to the closest door and literally begged the officer at the door to let him out. There were people outside the door but at Mr. Sywak's urging, the officer opened the door and let him out. Mr. Sywak immediately left the Capitol grounds, looking for his son. While the government's memorandum takes great pains to portray Mr. Sywak as a bad person from his past conduct, it has virtually ignored any reference to how his conduct distinguishes him from that of others who have pled guilty and been sentenced.

Mr. Sywak continues to suffer from pain as a result of his previous injuries. He is continuously treated for his afflictions. As well, Mr. Sywak faithfully attends his counseling sessions. There have been no stumbles on his road to recovery.

Finally, we ask the Court to take into account Mr. Sywak's attitude and his own comprehension of what he is done. He is, no doubt, disgusted with himself for many reasons. First, he entered into the Capitol with his son which has led to William Jason Sywak's own plea of guilty and upcoming sentence. He has rid himself of any thoughts of a "stolen election." He fully understands what took place and, in relatively short order, accepted responsibility through his plea of guilty before Your Honor.

In our main memorandum we noted that the probation officer's recommendations of 30 days incarceration was not necessary to meet the goals of 18 USC §3553(a). Indeed, those goals, we believe, have mostly been met already. Mr. Sywak has, for the first time in many years, been able to adjust his life, stop using drugs and alcohol, maintain healthy thoughts, and restore his relationship with his mother, girlfriend and his young daughter who relies on him on a regular basis.

We respectfully ask the Court to consider alternatives to incarceration such as probation or other types of supervision which are available to the Court.

Mr. Sywak blames no one but himself for his illegal conduct. He is ashamed of what he has done. In fact, when interviewed by the United States Probation Officer relative to the preparation of the presentence report, he broke down crying when talking about his own acts. He disparaged himself for what he did. He knows he let his country down. We hope that the Court will allow Mr. Sywak to continue to move forward. He will live with the shame of having entered the United States Capitol illegally. He also lives, every day, with the fact that his son has also been prosecuted.

For the reasons set forth in our memorandum as well as in this letter, we are respectfully urging the Court to sentence Mr. Sywak in a manner which not only accounts for his illegal acts, but, additionally, for the incredibly hard-work he has put into himself. As a consequence, we are respectfully asking that the Court sentence Mr. Sywak accordingly.





# Lipsitz Green Scime Cambria LLP

Page 3

Thank you for reviewing my letter. We do ask that the Court grant us leave to file this brief letter.

Very truly yours,

Lipsitz Green Scime Cambria, LLP

*Herbert L. Greenman*

By:   Herbert L. Greenman
HLG/emj